**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JOVAN FELICIANO,

       Petitioner,

v.                                     CASE NO.  4:08cv337-RH/MD

WALTER A. McNEIL,

       Respondent.

_____/

## ORDER DENYING PETITION

This case is before the court on the magistrate judge's report and recommendation (document 28).  No objections have been filed.  The report and recommendation is correct and will be adopted as the court's opinion with this additional note.

The defendant Jovan Feliciano was convicted and sentenced in state court for having sex with a 17-year-old girl.  He was 24.  He contends he did not know the victim's age, but under the governing state statute, knowledge of the victim's age is not an element of the offense.  The jury instructions thus did not require the jury to find that he knew.

The state courts rejected the petitioner's challenge to the statute's lack of a

knowledge requirement.  As the report and recommendation correctly concludes, this state-court decision is not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. The petitioner thus is not entitled to federal habeas relief.  *See* 28 U.S.C. § 2254(d)(1).

One of Mr. Feliciano's contentions is that his attorney was ineffective for failing to move to suppress a statement Mr. Feliciano made to a law enforcement officer.  In the statement, Mr. Feliciano admitted he knew the victim was 17.  The state courts concluded, and the report and recommendation agrees, that Mr. Feliciano's knowledge of the victim's age was immaterial and that admission of this part of his statement caused him no prejudice.

This conclusion applies too narrow a definition of materiality.  A fact need not be dispositive to be material.  It is enough that a fact reasonably could affect the outcome.  In these circumstances a jury evaluating a victim's testimony and a defendant's guilt might well consider evidence that the defendant knew the victim's age; indeed, this is probably one reason why this prosecutor wanted this evidence admitted.  Moreover, in a criminal case a fact is material not only when it reasonably could affect the decision whether to convict but also when it reasonably could affect the sentence.  A reasonable sentencing judge could find a defendant's knowledge of the victim's age not only relevant but important.  Here the judge

sentenced Mr. Feliciano to 85.5 months in prison.  It seems not only reasonable but entirely likely that the judge's assessment of Mr. Feliciano's knowledge played a role.

This does not, however, entitle Mr. Feliciano to relief.  His attorney was not ineffective in failing to move to suppress the statement that he knew the victim was 17, because there was no basis for a motion to suppress.  As the report and recommendation correctly explains, Mr. Feliciano received his full *Miranda* warnings and voluntarily chose to make a statement.  A motion to suppress properly would have been denied.

For these reasons and those in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The clerk must enter judgment stating, "The amended petition challenging the conviction in the Circuit Court, Leon County, Florida, case number 04-1973, is DENIED with prejudice." The clerk must close the file.

SO ORDERED on July 6, 2009.

s/Robert L. Hinkle
United States District Judge